**Not for Publication**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CARLOS ALBERTO CALDERON
PAJUELO, *by next friend Mary Jane Flores Flores*,

                    Petitioner,

          v.

JOHN TSOUKARIS, *et al.*,

                    Respondents.

Civil Action No.: 26-4512 (ES)

**ORDER**

SALAS, DISTRICT JUDGE

It appearing that:

1.       Mr. Carlos Alberto Calderson Pajuelo ("Petitioner"), through his long-term partner Mary Jane Flores Flores, submitted a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 through the Alternate Document Submission ("ADS") on April 24, 2026.  (D.E. No. 1 ("Petition" or "Pet."); *see also* D.E. Nos. 2–5 ("TRO Mot." or "Motions for TRO")).  According to the Petition, Petitioner is currently held in U.S. Immigration and Customs Enforcement custody at the Delaney Hall Detention Facility in Newark, New Jersey.  (Pet. ¶ 2).

2.       In accordance with Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule"), applicable to § 2241 cases through Habeas Rule 1(b), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

3.       The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in

his behalf." 28 U.S.C. § 2242; *see also* Habeas Rule 2(c)(5) (applicable to § 2241 cases through Habeas Rule 1(b) and requiring the petition to be signed under penalty of perjury by the petitioner or by a person authorized to sign the petition for the petitioner under § 2242). In limited circumstances, persons unable to prosecute their own action may have third persons—"next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990). To qualify for "next friend" status, the third person must satisfy two requirements: (i) "[f]irst, a 'next friend' must provide 'an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action,'" *id.* at 163 (citations omitted); and (ii) "[s]econd, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest," *id.* at 163–64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted).

4.      Ms. Flores Flores may meet these requirements, given her representations that Petitioner "is detained and cannot fully access the Court" and that she is his "partner of over 19 years and mother of his children."[1] (Pet. ¶¶ 42–43). Even so, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel.*

---

[1]      The Court cautions Ms. Flores Flores, however, that, should she file an amended habeas petition with counsel, she should provide additional information regarding why Petitioner is unable to file a petition on his own behalf. Although Petitioner is in immigration detention, neither the Petition nor the attached documentation explain why Petitioner lacks access to the Court or is otherwise incompetent to file a petition on his own behalf. *See Xu ex rel. Chen v. U.S. Immigr. & Customs Enf't*, No. 24-0294, 2025 WL 1640706, at *2 (W.D. Pa. Apr. 21, 2025) (finding that proposed next friend provided "no basis or reasoning for pleading in place of [an immigration detainee]"); *see also Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *1 (D.N.J. Dec. 6, 2021) ("Ms. Getlin does allege that Petitioner was in quarantine at some point in January of 2021, for contracting COVID-19, but she does not allege that Petitioner was unable to file legal documents." (citation modified)).

2

*Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)).  Accordingly, as a layperson, Ms. Flores Flores cannot litigate this case as a next friend for Petitioner without retaining an attorney.  *See Ruiz Perez v. Soto*, No. 25-16871, 2025 WL 3186962, at *2 (D.N.J. Nov. 14, 2025).

6.      Finally, neither Petitioner nor Ms. Flores Flores submitted the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a).  They also did not apply to proceed *in forma pauperis* ("IFP").

For the foregoing reasons, and for good cause shown,

**IT IS** on this 27th day of April 2026,

**ORDERED** that the Petition (D.E. No. 1) is **DISMISSED** *without prejudice* for lack of jurisdiction; and it is further

**ORDERED** that, within thirty (30) days of the date of entry of this Order, Petitioner may reopen this matter by: (i) submitting and signing under penalty of perjury a habeas petition; and (ii) either paying the applicable filing fee or submitting a completed IFP application; alternatively, within thirty (30) days of the date of entry of this Order, Ms. Flores Flores may reopen this matter if she, <u>through counsel</u>: (i) files a motion showing that she satisfies the requirements for proceeding as Petitioner's "next friend;" (ii) pays the applicable filing fee or submits a completed IFP application; and (iii) signs a habeas petition on Petitioner's behalf under penalty of perjury; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order, a blank § 2241 form— AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and blank form DNJ-Pro Se-007-B-(Rev. 09/09), upon Petitioner by regular U.S. Mail; and it is further

**ORDERED** that the Clerk of Court shall mark this matter **CLOSED**.

3

_s/ Esther Salas_
**Esther Salas, U.S.D.J.**