**Not for Publication**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

CARLOS ALBERTO CALDERON
PAJUELO, *by next friend Mary Jane Flores Flores*,

<b>Petitioner,</b>

<b>v.</b>

JOHN TSOUKARIS, *et al.*,

<b>Respondents.</b>

</td>
<td>

**Civil Action No.: 26-4512 (ES)**

**ORDER**

</td>
</tr>
</table>

**SALAS, DISTRICT JUDGE**

It appearing that:

1.  Mr. Carlos Alberto Calderson Pajuelo ("Petitioner"), through his long-term partner Mary Jane Flores Flores, submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 through the Alternate Document Submission system ("ADS") on April 24, 2026. (D.E. No. 1 ("Petition" or "Pet.")). According to the Petition, Petitioner is currently held in U.S. Immigration and Customs Enforcement ("ICE") custody at the Delaney Hall Detention Facility in Newark, New Jersey.[1]  (*Id.* ¶ 2).

2.  Petitioner did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or apply to proceed *in forma pauperis* ("IFP").

---

[1]  The Petition names as respondents (in their official capacities): John Tsoukaris, ICE Newark Field Office Director; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of DHS; and the Warden of Delaney Hall ("Respondents").  (Pet. ¶¶ 5–8).

3.      On April 24, 2026, Chief Judge Renee Marie Bumb entered a Text Order enjoining Respondents from transferring Petitioner from New Jersey pending further order of this Court. (D.E. No. 3).

4.      On April 27, 2026, the Court dismissed the Petition without prejudice for lack of jurisdiction and ordered that, within thirty (30) days of the date of entry of the Order, Petitioner, may reopen this matter by submitting and signing under penalty of perjury a habeas petition and either paying the applicable filing fee or submitting a completed IFP application.  (D.E. No. 6 at 3 ("April 27, 2026 Order")).

5.      On April 28, 2026, Petitioner filed a motion to reopen, (D.E. No. 7 at 1 ("Motion to Reopen")), which includes an amended habeas petition signed by Petitioner under penalty of perjury, (D.E. No. 7 at 2–6 ("Amended Petition")); the five-dollar filing fee, an emergency motion for stay of removal, (D.E. No. 8 ("Motion for Stay of Removal")), an emergency motion for immediate release without monetary bond, (D.E. No. 9 ("Motion for Immediate Release")), and an emergency motion for a temporary restraining order ("TRO") and preliminary injunction to prevent transfer, (D.E. No. 10 ("Motion for TRO")).

6.      On May 1, 2026, Respondents filed a letter requesting that, pursuant to the April 27, 2026 Order, the Court lift its order temporarily enjoining Respondents from transferring Petitioner out of the District of New Jersey pending further Order of this Court.  (D.E. No. 12 ("Letter to Lift")).

7.      On May 4, 2026, the Court entered an Order: (i) granting Petitioner's Motion to Reopen and directing the Clerk of Court to reopen this matter; (ii) ordering that Petitioner shall not be transferred from the District of New Jersey pending further order of this Court; (iii) denying as moot the Motion for TRO and Letter to Lift; (iv) ordering that the Motion for Stay of Removal

and Motion for Immediate Release are denied without prejudice; (v) ordering Respondents to file a full and complete answer to the Amended Petition within twenty-one (21) days of the date of entry of the Court's Order; and (vi) stating that Petitioner may file a reply in support of the Amended Petition within fourteen (14) days after the answer is filed. (D.E. No. 13 at 4–6).

8.    On May 22, 2026, Respondents answered the Amended Petition. (D.E. No. 14 ("Resp.")). Petitioner has not filed a reply in support of his Amended Petition.

9.    Petitioner challenges his allegedly unlawfully prolonged and arbitrary detention. (*See* Am. Pet. ¶¶ 24–40). Petitioner's removal order became final no earlier than December 10, 2025, and his detention is governed by 8 U.S.C. § 1231. (*See* Resp. at 1–2); 8 C.F.R. §§ 1003.2(f) (stating that generally the filing of a motion to reopen or reconsider with the Board of Immigration Appeals shall not stay the execution of any decision made in the case); 1003.23(b)(v) (stating that, except in cases involving in absentia orders, the filing of a motion to reconsider or reopen with the immigration judge shall not stay the execution of any decision). Respondents have established a significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). According to the May 14, 2026 declaration of Joshua Rincon, a deportation officer with ICE Enforcement Removal Operations ("ERO") in Newark, New Jersey: (i) the immigration judge ordered Petitioner removed to Honduras based on the Asylum Cooperative Agreement ("ACA") between the United States and Honduras; (ii) following coordination between ERO Headquarters and ERO Newark, Petitioner was scheduled to be transferred on April 28, 2026 from the Delaney Hall Detention Facility to the Alexandria Staging Facility in preparation for his removal by plane to Honduras on May 4, 2026; (iii) on April 24, 2026, ERO Newark received notification that the Court enjoined Petitioner's transfer from New Jersey pending further Order of this Court, and, as a result, the office suspended the transfer/removal plan; (iv) pursuant to the

ACA, Honduras continues to accept Peruvian nationals like Petitioner for removal, ICE has a copy of Petitioner's National Peruvian ID, which is generally all that is required to effectuate an ACA removal to Honduras, and ERO Headquarters tracks ACA removal cases to ensure orderly and timely processing; and (v) if the Amended Petition is denied or the injunctions are lifted, ICE would prioritize Petitioner for removal, and ERO believes that Petitioner's removal is significantly likely in the reasonably foreseeable future.  (D.E. No. 14-6 ¶¶ 5–9).

10.    To the extent that Petitioner seeks habeas relief based on alleged ineffective assistance of counsel in the removal proceeding, (*see* D.E. No. 7-2 ¶¶ 9–12), this Court does not have jurisdiction to consider such claims. *See Khalil v. President, United States*, 164 F.4th 259, 265 (3d Cir. 2026) (per curiam) (stating that 8 U.S.C. § 1552(b)(9) "channels '[j]udicial review of all questions of law . . .  arising from any action taken or proceeding brought to remove an alien from the United States' into a single petition for review filed with a federal court of appeals." (alterations in original)); 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter.").

For the foregoing reasons, and for good cause shown,

**IT IS** on this 17th day of June 2026,

**ORDERED** that the Amended Petition (D.E. No. 7 at 2–6) is **DENIED**; and it is further

**ORDERED** that the Court **LIFTS** the Orders, (D.E. Nos. 3 & 13), prohibiting Petitioner's transfer from the District of New Jersey pending further order of this Court; and it is further

4

**ORDERED** that the Clerk of Court shall **CLOSE** this matter; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Petitioner by regular U.S. Mail.


_s/ Esther Salas_
**Esther Salas, U.S.D.J.**